*1818.*

DUNKLEY
v.
VAN BUREN.

---

DUNKLEY *against* VAN BUREN and others.

*February 26.*

On a bill to foreclose a mortgage, the mortgagee is confined to his remedy on the mortgage. The suit cannot be extended to the mortgagor's other property, or against his person, in case the property mortgaged is not sufficient to pay the debt for which it is pledged.

The mortgagee's further remedy is at law, where he may sue at the same time, on his bond, or on the covenant to pay the money; and after a foreclosure of the mortgage in equity, he may sue on his bond, at law, for the deficiency.

It *seems* that a subsequent suit at law, to recover the remainder of the debt unsatisfied by the sale of the morgaged premises, does not open the foreclosure and revive the equity of redemption.

BILL to foreclose a mortgage given to secure the payment of a bond. The bill was taken *pro confesso*, and the Master reported the amount of the bond debt, with the interest due, and unpaid.

*Cowdrey*, for the plaintiff, suggesting that the mortgaged premises were probably insufficient to pay the debt, moved,

that in addition to the usual decree, directing the premises to be sold by a Master, a further provision, that in case of a deficiency, the defendant *V. B.* the original mortgagor, pay the remainder of the debt, by a given day, or that execution issue therefor against his other property, or against his body.

THE CHANCELLOR. The motion must be denied. The party, on a bill to foreclose a mortgage, is confined in his remedy to the pledge. Such a suit is not intended to act *in personam ;* it seems to be generally admitted in the books, that the mortgagee may proceed at law on his bond or covenant, at the same time that he is prosecuting on his mortgage in Chancery ; and that after foreclosure here, may sue at law on his bond for the deficiency. (Lord *Redesdale,* in 1 *Sch.* and *Lef.* 176. and 13 *Vesey,* 205. *Aylet* v. *Hill, Dickens,* 551. *Took's case, Dickens,* 785. 2 *Bro.* 125. *Perry* v. *Barker,* 13 *Vesey,* 198. *Dashwood* v. *Blythway,* 1 *Eq. Cas. Abr.* 317.) It is supposed in some of the cases, that the subsequent suit at law for the remainder of the ·debt left unsatisfied upon the sale of the mortgaged premises, opens the foreclosure and revives the equity of redemption. Whether that be so, is not now to be discussed ; though if the point was before me I should be much inclined to agree in opinion with Judge *Story,* in *Hatch* v. *White,* (2 *Gallis. Rep.* 152.) that there is no just foundation for the doctrine ; and I should especially doubt of its application in the case of a judicial sale under the decree. It is sufficient to observe, that the present suit is the ordinary bill to foreclose, and was not intended to supply, at once, the place of a suit at law upon the bond, and a suit in equity upon the mortgage. If that was the operation of it, and if such was the course of the court, the discussion in the above cases would never have arisen.

Motion denied.