West et al. *v.* Flemming.

WILLIAM B. WEST *et al.*, impleaded with JOHN BARKER, Plaintiffs in Error, *v.* JOHN FLEMMING, Defendant in Error.

### ERROR TO KANE.

A party may proceed to collect his debt by attachment, and by enforcing a mechanic's lien, as concurrent remedies; and the lien is not waived by so doing.
A proceeding to enforce a mechanic's lien is governed by the rules applicable to suits in equity, and the decree has the same effect and may be executed as other decrees.
The statute which allows redemptions from sales on execution, and under decrees directing the sale of mortgaged lands, does not extend to decrees for sales under mechanics' liens.

THE facts of this case are stated in the opinion of the court. The decree complained of was entered by J. G. WILSON, Judge, at May term, 1856, of the Kane Circuit Court.

J. H. MAYBORNE, for Plaintiffs in Error.

O. D. DAY, for Defendant in Error.

SKINNER, J. Flemming filed his petition against Barker, West and Merrill, under the mechanics' lien law, for lumber furnished Barker in the erection of a building upon premises owned by him, and afterward sold to West and Merrill. The cause was tried by the court, and the allegations of the petition being admitted or proved, a decree was rendered, finding the amount due, and directing a sale of the premises by a commissioner, and the execution of a deed to the purchaser, without any provision for redemption after the sale. West and Merrill, in their answer, set up and proved, on the hearing, that, after the filing of the petition, Flemming sued Barker in attachment, on the same debt, under which property sufficient to satisfy the same was levied upon, and that Flemming afterward dismissed the attachment.

The only questions important for determination are, whether Flemming, by his attachment, waived his lien, under the mechanics' lien law, or was precluded thereby from proceeding under that law; and whether the court erred in decreeing a sale by the commissioner, without giving the statutory right of redemption.

The proceeding under the statute is additional, or cumulative of such other remedies for enforcement of the contract out of which the lien arises, as the party may have, either against person or property.

He may, therefore, at the same time pursue several remedies for satisfaction of one debt, which are not substantially the

same in their nature and effect: as a proceeding against property, and an action against the person; or, two proceedings against different properties or things, but can have one satisfaction only. 1 Chitty's Pl. 212, 254; *Delahay* v. *Clement*, 3 Scam. R. 201; *Branigan* v. *Rose*, 3 Gil. R. 123.

A resort to several remedies may be necessary to obtain full satisfaction, and, being consistent with each other and with the purpose of satisfaction, the pursuit of them cannot be construed into a waiver of an existing lien.

It is true that, on the sale of land, the vendor, in equity, retains a qualified lien on the land conveyed for the unpaid purchase money; and that he will be held to have waived this implied lien, by taking an independent security for the money, other than the purchaser's obligation; and that a party may waive a lien upon property by acts inconsistent with its continuance; but the pursuit of concurrent remedies for satisfaction does not imply an intention to waive or abandon an existing lien, and cannot discharge it.

This proceeding is held to be governed by the rules applicable to suits in equity. *Kimball* v. *Cook*, 1 Gil. R. 433; *Shaffer* v. *Weed*, 3 ibid. 513. The decree, therefore, has the effect of an ordinary chancery decree, and may be executed in the same manner.

The statute which allows redemptions from sales on execution, and under decrees directing the sale of mortgaged lands, does not extend to ordinary chancery sales; and no reservation of a right of redemption was necessary. *Farnsworth* v. *Strasler*, 12 Ill. R. 482.

*Decree affirmed.*