HERMAN KERSENBROOK, PLAINTIFF IN ERROR, V. JOSEPH MARTIN, DEFENDANT IN ERROR.

1. Replevin: MEASURE OF DAMAGES. In an action of replevin brought by a mortgagee of goods against a sheriff holding them under an order of attachment in a suit against the mortgagor, the true measure of damages in favor of the sheriff, is the amount called for by the writ, where the value of the goods equals or exceeds that sum.

2. Instructions to Jury. In instructing a jury the judge should not give undue importance to the rights of one party, to the prejudice of those of the other. He should avoid expressing his opinion as to the effect of evidence, upon which it is the province of the jury alone to pass. Nor should he assume, and give the jury to understand, that there is a conflict in the evidence upon a matter in issue, when in fact there is none.

ERROR to the district court for Madison county. Tried below before BARNES, J.

It was an action in replevin commenced by the present plaintiff in error against the said defendant in error for the recovery of certain personal property. Plaintiff claimed title and right of possession by virtue of a certain chattel mortgage covering the property in question, executed by P. A. Sloan and Leopold Engler to the said plaintiff, Herman Kersenbrock, on the 26th day of March, 1880, which mortgage was duly filed in the county clerk's office of Madison county, Nebraska. The plaintiff, by his agent, Ferdinand Brodfuehrer, at the town of Madison, in said county, on the 19th day of April, 1880, took possession of said property by virtue of said mortgage, and while plaintiff so had possession of said property, the defendant, Joseph Martin, who was then sheriff of said Madison county, attached the same at the suit of Stubendorf & Company on a claim amounting to about $400.00 against said Sloan & Engler, and interposed as his defense in his answer in this action, that said mort-

gage was fraudulent as to creditors. The case was tried before BARNES, J. Verdict and judgment for defendant.

*John G. Higgins* and *Byron Millett*, for plaintiff in error, cited *Cropsey v. Averill*, 8 Neb., 151. Gen. Stat., 713. *Black v. Winterstein*, 6 Neb., 224. *Frey v. Drahos*, 7 Neb., 194. *Uhl v. Robison*, 8 Neb., 272. *Newton Wagon Co. v. Diers*, 10 Neb., 285. Wells Law and Fact, sections 466 —477. Maxwells Pl. and Pr., forms of verdict in replevin.

*Robertson & Campbell*, for defendant in error, cited *White v. Webb*, 15 Conn., 302. *Hall v. Jenness*, 6 Kan., 356. *Phillipe v. Reitz*, 16 Kan., 400. *McCann v. McDonald*, 7 Neb., 305. *Armstrong v. Freeman*, 9 Neb., 14. *French v. Millard*, 3 Ohio State, 53. *Eisely v. Malchow,* 9 Neb., 181.

LAKE, CH. J.

This controversy is virtually between a mortgagee and certain of the creditors of P. A. Sloan and Leopold Engler. The defendant in error, who, as sheriff, seized the goods in controversy by virtue of an order of attachment, represents those creditors. There was a verdict and judgment for the defendant, and the plaintiff brings the case here by petition in error.

Of the several errors assigned, the ones chiefly relied on to obtain a reversal of the judgment relate to the judge's charge to the jury—the *first, third, fourth,* and *sixth* instructions given at the request of the defendant. These will be noticed in the above order.

By the first of these instructions the jury were told, in substance, that in case they found for the defendant the measure of his damages would be "the value of the property" replevied. Considering the attitude of the parties in respect to the goods this was very clearly error. As against the attachment debtors, the plaintiff, as mortgagee, was entitled to hold them. Before the levy of the

attachment, the plaintiff, by his agent, with the assent of the mortgagors, had taken possession of all of the property, and was still holding it when seized by the defendant. His rights, therefore, were those of a mortgagee in possession, and even if, in consequence of fraud, they were found to be subject to those of these attachment creditors, he was entitled to all that remained after their just demands were satisfied. Those demands, as shown by the order of attachment, by which for the purposes of the replevin suit they are to be measured, were considerably less than the value of the property as shown by the evidence, and found by the jury. The recovery, therefore, should not have exceeded the amount called for by the writ. *Black v. Winterstein*, 6 Neb., 224. *Frey v. Drahos*, 7 Neb., 194.

The third instruction was in these words: "You can take into consideration all of the facts and circumstances shown by the evidence, and find from those facts and circumstances whether the plaintiff, or defendant, should, as matter of right and justice prevail, bearing in mind that Stubendorf & Co. are creditors of Sloan & Engler." We cannot think that this advice was calculated properly to inform the jury as to their duty in the application of the law to the evidence upon which they were called to pass. Again, it made altogether too prominent the fact of Stubendorf & Co. being interested in the result. Why this was done, we know not; probably it was through inadvertence, for surely the rights of Stubendorf & Co., as attachment creditors, were of no more importance, nor to be more carefully considered and guarded, than were those of the plaintiff as a mortgagee. Whatever the intention may have been, we think the tendency was to lead the jury to believe that, in the estimation of the judge, Stubendorf & Co. were entitled to special consideration. This instruction certainly was unfortunately worded, and ought not to have been given. In charging a jury undue

prominence should not be given to one branch or item of evidence, by particular mention, to the disparagement of the rest. *Markel et al. v. Moudy*, 11 Neb., 213.

By the fourth instruction the jury were told that: "A chattel mortgage upon a stock of goods in the manner, and under the circumstances that this chattel mortgage was given, casts a suspicion upon the transaction." This was clearly erroneous. The judge, it is true, did not say whether the suspicion thus cast was of good faith, or of fraud; we think, however, the latter was intended, and that most likely in that sense it was taken by the jury. The judge having assumed to himself the office of declaring the effect of the evidence, to a certain extent at least, instead of leaving it to be found by the jury, whose province it was, the plaintiff has just cause to complain. The question of fraud was one of fact, and it ought to have been left to the jury to find upon according to their own judgment unbiased by the opinion of the judge.

The sixth instruction was as follows: "If you find from the evidence that no note was ever given by Sloan & Engler to Herman Kersenbrock, as recited in the chattel mortgage, and that no equitable debt is secured by the said mortgage, then you will find for the defendant." By this the judge assumed that there was a conflict in the evidence respecting the actual existence of the indebtedness mentioned in the mortgage, when in fact there was none whatever. The fact of this indebtedness was shown by an abundance of evidence, and disputed by none. It ought not, therefore, to have been put to the jury to pass upon, but they should have been told to accept it as established.

It is also assigned for error, that the verdict is not supported by the evidence, but inasmuch as, for the errors above found, there must be a new trial, we will not consider that point.

REVERSED AND REMANDED.