BEN MUNDY, APPELLEE, v. CHRISTIANA E. WHITTE-MORE, APPELLANT.

1. **Pleading:** EVIDENCE. Under an allegation in a petition that a note and mortgage were assigned to the plaintiff, he may prove' an indorsement and delivery of the note.

2. ——: MORTGAGE FORECLOSURE. An allegation in a petition that no proceedings have been had at law for the recovery of the debt secured by the mortgage is sufficient to show that no action at law has been commenced.

3. **Mortgage:** HUSBAND AND WIFE: DURESS. A mortgage executed by a wife upon her separate estate, to secure a debt owing by the husband, for money embezzled by him, is not executed under duress, although done to prevent his being convicted and sent to the penitentiary.

4. ——: ASSIGNMENT. The assignee of a mortgage securing a negotiable promissory note, who takes it in good faith before maturity for value, takes it as he does the note free from equities between the original parties.

APPEAL by defendants from a decree of the district court of Lancaster county, POUND, J., presiding.

*Samuel J. Tuttle,* for appellant, on allegations in petition cited: § 850, Code. *Gregory v. Hartley,* 6 Neb., 356. He also contended that the liability of the appellant in this controversy arises solely from the mortgage, and not at all from the note; for in this mortgage (granting for the

present that it is valid) she has charged her separate estate with the payment of a certain debt, and the signing of the note does not enlarge the liability; that the appellee in this suit stands therefore at the best, as the assignee of a chose in action only, open to every defense available as against his assignor. 1 Jones on Mortg., 683. Edwards on Bills and Notes, page 286. *McCrum v. Corby*, 11 Kan., 464. *Hadden v. Rodkey*, 17 Kan., 429. And that the burden of proof of showing that appellee was a *bona fide* purchaser without notice devolved on him. *Rock Island Bank v. Nelson*, 41 Iowa, 563. On duress cited: *Tapley v. Tapley*, 10 Minn., 360. *Hackley v. Headley*, 45 Mich., 569. *Central Bank v. Copeland*, 18 Md., 305. *Anderson v. Anderson*, 9 Kan., 112.

*M. L. Easterday* and *A. S. Tibbets*, for appellee, on *bona fide* purchase by appellee, cited: Comp. Stat., 393. *Porter v. Green*, 4 Iowa, 571. *Hewitt v. Rankin*, 41 Iowa, 35. *Conrad v. Atlantic Ins. Co.*, 1 Peters, 441. Purchaser without knowledge of duress holds the property. *Frey v. Clifford*, 44 Cal., 335. *Deputy v. Stapleford*, 19 Cal., 302. *White v. Graves*, 107 Mass., 325. *Hall v. Patterson*, 51 Pa. St., 289. *Marston v. Brittenham*, 76 Ill., 611. *Somes v. Brewer*, 2 Pick., 184. *Hewitt v. Rankin*, 41 Ia., 35.

MAXWELL, J.

This is an action to foreclose a mortgage executed by Whittemore and wife to F. W. Daubney and by him transferred before due to the plaintiff. The mortgage was executed upon the separate property of the wife, which was occupied as the family homestead. The principal defense relied upon is that the mortgage was executed by the wife while under duress by her husband. It was claimed on the trial of the cause that inasmuch as it is alleged in the petition that the note and mortgage were assigned to the

plaintiff, that therefore he is not a *bona fide* holder thereof. The allegation is as follows: "On the 14th day of April, 1881, said F. W. Daubney for a valuable consideration assigned said note and mortgage and the money due thereon to this plaintiff." The question here involved was before this court in the case of *State National Bank v. Haylen*, 14 Neb., 480, and it was held that the allegation was sufficient. The word assign means to transfer, or make over. In its broad sense it includes all transfers of whatever nature.

In Jones on Mortgages, Vol. 1, § 834, it is said, "An assignee for value of a negotiable note before due takes it free from equities. At common law, so far as a mortgage is merely a debt or security for a debt, it is a chose in action, not negotiable, and therefore not assignable. * * But the debt, being the principal thing, imparts its character to the mortgage, and although the mortgage itself in the beginning is only assignable in equity, the legal rights and remedies upon the debt have become fixed upon this incident of the debt, and the equitable principles in regard to the mortgage have become naturalized in the common law system. When, therefore, the debt secured is in the form of a negotiable note, a legal transfer thus carries with it the mortgage security; and inasmuch as a negotiable promissory note, by the commercial law, when assigned for value before maturity, passes to the assignee free from all equitable defenses to which it was subject in the hands of the payee, it does not lose this character which it has under the commercial law when it is secured by mortgage. The mortgage rather is regarded as following the note, and as taking the same character; and it is the generally received doctrine that the assignee of a mortgage securing a negotiable note, taking it in good faith before maturity, takes it free from any equities between the original parties."

Under an allegation that an instrument has been assigned to the plaintiff he may introduce proof of any fact tending to show an assignment. The mode in most cases

is not material, so that there was an intention to pass the entire title to the thing assigned. A transfer of negotiable paper by indorsement is but one of the modes by which it may be assigned or transferred. The allegation therefore was sufficient to authorize the introduction of testimony tending to show a transfer of the note and mortgage in question to the plaintiff.

It is alleged in the petition that no proceedings at law have been had for the recovery of the debt secured thereby, nor has any part thereof been collected and paid, and there is now due upon said note and mortgage the sum of $295.87. At common law a mortgagee could pursue all his remedies at one and the same time. *Booth v. Booth,* 2 Atk., 343. *Burnell v. Martin,* Doug., 417. *Schoole v. Sall,* 1 Sch. & Lef., 186. *Dunkley v. Van Buren,* 3 Johns. Ch., 330. 4 Kent Com., 184. Under that practice a plaintiff could bring his action at law for the recovery of the debt, and having obtained a judgment, cause an execution to be levied upon the mortgaged premises and a sale thereof had. This in many cases led to the sacrifice of the debtor's property, and in *Tice v. Annin,* 2 Johns. Ch., 125, it is suggested in case a mortgagee should elect to proceed in this manner, and having sold the equity of redemption under a *fi fa,* should afterwards attempt to collect his debt out of other property of the mortgagor, equity would either stay the proceeding or compel him upon payment of the debt to assign the same and the security to the mortgagor to enable him to indemnify himself out of the mortgaged premises. Afterwards the statute of that state was amended so as to prohibit a sale of the mortgaged premises upon an execution issued on a judgment on the mortgage debt, and also prohibiting an action at law while the action to foreclose was pending. Our statute is very nearly in the same language as that of New York, and probably was copied from it. 2 Van Santvoord's Eq. Pl., 84. An allegation that no proceedings at law have been had for the recovery

of the debt is clearly sufficient as a denial that such proceedings had been instituted.

The principal ground of defense is that of duress. The answer states in substance that on the day the mortgage was executed her husband came to the house with a notary public, having the note and mortgage already prepared; that her husband stated to her that he had embezzled moneys belonging to one Daubney, the mortgagee; that a warrant was already issued for his arrest, and that he would be sent to the penitentiary; that thereupon he drew a loaded revolver and said that he would not be arrested, but that he would shoot any one that attempted to arrest him; that the wife fearing that perhaps her husband would shoot any one who should attempt to arrest him, and believing from his statement that he had committed an offense for which he would be sent to the penitentiary, executed the note and mortgage in question. The proof fails to establish some of the allegations of the answer; but in our opinion the answer fails to show duress. The common law divided duress into two classes, viz., duress *per minas* and duress of imprisonment. Duress *per minas* is restricted to fear of loss of life, or mayhem or loss of limb— in other words, remediless harm to the person. Duress by imprisonment is supported by any evidence that the party was unlawfully restrained of his liberty until he would execute the instrument. 2 Greenleaf Ev., §§ 301, 302. The testimony fails to show that Daubney had made any threats to have Whittemore arrested, while it does appear that neither he nor his attorney was present when the mortgage was executed, and never had any conversation with Mr. Whittemore in regard to signing the same. Whittemore having used funds intrusted to him seems to have believed that he could be convicted of embezzlement and sent to the penitentiary, and in order to prevent his conviction the wife signed the mortgage. It is said that this restraint was such as to avoid the mortgage. Suppose the

husband had been arrested and was about to be sent to jail, and the wife to prevent his imprisonment had entered into a recognizance for his appearance. In case of his escape could she plead as a defense that the recognizance was entered into under duress and that therefore she should be discharged? Could such a plea be sustained? If not, why can a mortgage made under similar circumstances to secure money embezzled, and thereby prevent a conviction for a crime and the disgrace of imprisonment be declared invalid? A recognizance must be entered into voluntarily equally so as the execution of a deed, yet the plea of force would be unavailing. And no court has a right to deprive a wife of the power to secure or pay a debt where it will save herself and family from disgrace—as would be done, in effect, if it should be held that she was not bound by any agreement she made under circumstances like the present.

But even if the mortgage had been executed under duress, it would not avail the defendant. A contract made under duress is voidable, not void. Thus, suppose a mortgage is executed in proper form by a person upon his real estate. The signature would be genuine, and the attesting and acknowledgment as required by the statute. If the mortgage was recorded it would contain nothing on its face affecting its validity or putting a purchaser upon inquiry. The acknowledgment would state that the execution of the instrument was the voluntary act of the grantor. To overcome this the grantor must show affirmatively that the certificate is untrue. As between the parties, this may be, done as a defense to the action to foreclose; but as to bona fide purchasers, it is not so clear that it would be available. Suppose the instrument was a deed, which was duly recorded, and no attempt made to set it aside, would not a boda fide purchaser for value from the grantee therein be protected? That he would will not be questioned, and no good reason exists why the purchaser of a mortgage should

not be equally protected. But in this case the debt was in the form of a negotiable note, and the transfer of the same before due, for value, to a *bona fide* purchaser transferred to him a valid title free from equities between the parties. This is the rule established by this court in *Webb v. Hoselton,* 4 Neb., 308, and since adhered to. As it is shown that the plaintiff is such purchaser he is to be protected. The judgment of the court below is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.