### John Olson et al. v. Michael O'Malia.

1.   EVIDENCE—*Order Issued by a Partner, Admissible as Evidence of Amount Due.*—The act of one partner in the prosecution of the partnership business is binding on other members of the firm, and hence an order issued by one member of a firm to a creditor of such firm, is admissible as tending to show the amount due such creditor.

2.   MECHANICS' LIENS—*Right of Sub-contractor to Sue Original Contractor, Not Affected by the Statute.*—The statute relating to mechanics' liens gives a sub-contractor a lien, and also the right to sue the contractor and owner jointly, and the sub-contractor may pursue either of these remedies he desires, or he may have his common law action against the contractor alone on his contract, as the statute in no way affects his right to sue on his contract with the original contractor.

**Transcript**, from a justice of the peace.   Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Heard in this court at the March term, 1898.   Affirmed.   Opinion filed April 18, 1898.

JAMES W. BEACH, attorney for plaintiffs in error.

JAMES HIBBEN, attorney for defendant in error.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

The only questions in this case are whether the trial court erred in admitting in evidence a written order made pay-

able to defendant in error, signed by one of two partners, the plaintiffs in error, and whether defendant in error, a sub-contractor, can maintain an action against plaintiffs in error, the original contractors, for the construction of a building, without joining as a defendant the owner of the building. There is no contention but that plaintiffs in error were partners in business, and that they contracted with defendant for the work and materials on account of which this suit was brought. The order in question was given by one of the plaintiffs to defendant on account of a balance due defendant on his contract. The act of one partner in the prosecution of the partnership business, is binding on the other, and the order was therefore properly admitted as tending to show the amount due defendant in error.

The statute relating to mechanics' liens (Ch. 82, Secs. 25, 29 and 39) gives a sub-contractor, on certain conditions not necessary here to enumerate, a lien for work done and materials furnished pursuant to his sub-contract, and also the right to sue the contractor and owner jointly for the amount due him from the original contractor, but the judgment he may obtain can be enforced against the owner only to the extent that he is liable under his contract with the original contractors. The sub-contractor may pursue either of these remedies he desires, or he may have his common law action against the contractor alone on his contract. Had it been intended that the remedies given by the statute precluded the remedy on the contract, no doubt the statute would so declare. First Baptist Church v. Andrews, 87 Ill. 172; Havighorst v. Lindberg, 67 Ill. 463; Quinn v. Allen, 85 Ill. 39.

It has been held that a contractor claiming a mechanic's lien, may pursue the remedy given by statute in chancery to enforce the lien and a suit at law against the owner simultaneously. West v. Flemming, 18 Ill. 248; McCarthy v. Neu, 93 Ill. 455.

We see no reason why the same principle may not be invoked by the sub-contractor.

The judgment is affirmed.