## JOHN W. HUNT *vs.* GEORGE E. DARLING.

### PROVIDENCE—NOVEMBER 25, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Mechanics' Liens. Election of Remedies.*

A mechanic's lien is additional security given by statute upon certain conditions, but does not abrogate the contract between the workman and his employer.

Hence a petition for mechanic's lien will lie in favor of a subcontractor, although he is at the same time prosecuting an action at law against the original contractor in which action the fund in the hands of the owner of the property has been attached.

(2) *Election of Remedies. Remedies in rem and in personam.*

The rule that equity will require a complainant to elect between his remedy at law and in equity applies only to cases where the demand at law and in equity are equally personal, and not where the cumulative remedy is *in personam* while the other remedy is *in rem.*

PETITIONS FOR MECHANIC'S LIEN. Heard on motion to require petitioner to elect between this petition and an action at law. Motion denied.

DOUGLAS, J.    These are petitions for mechanics' liens brought by sub-contractors to recover for work and materials performed and used in the construction of buildings for the respective respondents.

(1)　In each case the respondent has filed a motion alleging "that said petitioner has commenced an action at law against the original contractors in the Common Pleas Division of this court for the recovery of the same sum of money, for the same materials, labor, &c., mentioned in the petition, and has in said action at law attached the fund from which said lien might be satisfied, to wit, the last payment due under said original contract, which suit is still pending," &c., and praying that the petitioner may be required to elect between the two remedies.

The question is thus presented whether a petition for a mechanic's lien may be prosecuted simultaneously with a suit at common law to recover the same debt from the contractor. It is a corollary, from the maxim "*Nemo debet bis vexari pro eadem causa,*" that if a complainant sues a defendant at the same time in law and in equity to enforce the same obligation, the court in equity will require him to elect which remedy he will pursue. I Fost. Fed. Pr. § 295; Fletch. Eq. Pl. & Pr. § 365, n. 1; *Quidnick Co.* v. *Chafee,* 13 R. I. 367. If he chooses to proceed in equity, the court will enjoin his suit at law, and if he elects to proceed at law, it will dismiss his bill, but without prejudice. Mitf. & Ty. Eq. Pl. 340; Dan. Ch. *817, n. 9; *Royle* v. *Wynne,* Cr. & Phill. 252. The courts, however, exercise a wide discretion in applying this rule, and are careful not to make it an instrument of oppression by enforcing it where both remedies sought may be necessary to complete satisfaction of the claim. Dan. Ch. Pr. *634, n. 3; Story Eq. Pl. § 742 (a). Lord Cranworth says in *Ostell* v. *Le Page,* 21 Eng. L. & Eq. 640: "But when the court interferes upon motion to stop the plaintiff from proceeding, it is taking upon itself a very delicate jurisdiction, and one in which it ought to see that by no possibility can it be doing injustice."

Thus, in the absence of a statute to the contrary, the holder of a bond or note secured by mortgage may sue the parties to the instrument at common law, and may, at the same time maintain his suit for foreclosure. *Dunkley* v. *Van Buren,* 3 Johns. Ch. 330; *Mundy* v. *Whittemore,* 15 Neb. 650; *Aylet* v. *Hill,* 2 Dick. 551; *Perry* v. *Barker,* 13 Ves. 198; *Priddy* v. *Hartsook,* 81 Va. 67; *Central R. Co.* v. *N. J. West Line R. Co.,*

32 N. J. Eq. 67; *Jones* v. *Conde*, 6 Johns. Ch. 77; *Way* v. *Bragaw;* 16 N. J. Eq. 214; 20 Ency. Pl. & Pr. 271.

(2) In *Jones* v. *Conde*, 6 Johns. Ch. 77, Chancellor Kent says: "The one remedy is *in rem*, and the other *in personam;* and the general rule to which this case is an exception, applies only to cases where the demand at law and in equity are equally personal, and not where the cumulative remedy is *in personam*, while the other remedy is upon the pledge," citing *Booth* v. *Booth*, 2 Atk. 343; *Schoole* v. *Sall*, I Sch. & Lef. 176; *Lord Kenyon* in *Smart* v. *Wolff*, 3 T. R. 342; *Boyd* v. *Heinzelman*, 1 Ves. & B. 381; *Jackson* v. *Hull*, 10 Johns. Rep. 481; *Lord Erskine* in *Perry* v. *Barker*, 13 Ves. 205, and *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330.

The distinction drawn by Chancellor Kent applies as reasonably to the present cases as to the case of a mortgage.

A mechanic's lien is additional security given by statute upon certain conditions, but does not in any way abrogate the contract between the workman and his employer. It has been held that, like a mortgage, the liability to a mechanic's lien is an obligation voluntarily assumed by the owner when he engages a builder. *Briggs* v. *Titus*, 13 R. I. 136. The lien proceedings are *in rem* against the land, and the common-law action is *in personam* against the employer. In some cases both remedies may be required to procure full payment of the debt, and in some cases part of the claim only may be enforcible as a lien against the land. The defendants are not the same any more than in the case of a mortgagor who is also the maker of a note which is secured by it. The land is the real defendant in this proceeding, whoever actively represents it in the trial of the case, and the contractor is the defendant in the common-law action, no matter on what fund attachment may have been laid, as the land is responsible in the foreclosure of a mortgage whether it is still owned by the maker of the note or has been transferred to a new owner.

It is represented to us in these cases that the owners hold a certain part of the contract price of the building out of which they may satisfy any mechanics' liens which may exist, and that they have left to the contractor the defence of these suits.

We do not see how that alters the relations of the parties which we have to consider. In every case, if the owner is so fortunate, or has been so prudent, as to hold in his hands money due to the contractor, he can charge against such sum any payments which he may be obliged to make to satisfy mechanics' liens; but the workman has no lien upon such fund and is not pursuing it by this proceeding. Even if the owner has no such fund, such payments would constitute a debt from the contractor to him; so that the rights of the parties in these cases are not different from their respective rights in all cases of petitions for mechanics' liens by subcontractors or workmen. So in the case of the sale of mortgaged land, the parties to the sale may make such arrangement between them as they please with respect to the mortgage debt, but the holder of the mortgage may pursue his several remedies notwithstanding.

A mechanic's lien is more nearly analogous to a maritime lien even than to a mortgage, and it is held that a lien may be prosecuted in admiralty while a suit for the debt is pending at common law. *Russell* v. *Alvarez*, 5 Cal. 48; *Granger* v. *Judge*, 27 Mich. 406, and cases cited.

Following these analogies, we must deny the motions. If the petitioners should elect to discontinue the common-law actions, they could not renew their attachments if their liens should prove insufficient; and if they should elect to abandon their liens, these would be wholly lost if the attachments should not satisfy the claims. It is manifestly impossible to discontinue a petition for a mechanic's lien without prejudice. From the fact that the garnishee in each of these common-law cases can not answer as to the amount of his debt to the contractor until the claims for liens are settled to which he has a right to devote the funds in his hands, the common-law suits can not probably be satisfied until these proceedings are terminated; but we see no reason why they should not proceed to judgment simultaneously if the plaintiffs desire to press them.

Counsel have not cited to us any cases directly in point, but those which we have found sustain the view we have expressed.

It is held in *Bates* v. *Santa Barbara County*, 90 Ca. 543, 547, the right to a money judgment against the person who employs

the mechanic or purchases the materials is not lost or waived by a proceeding to enforce the lien or recover from the owner the balance of the contract price remaining in his hands.

In *West* v. *Flemming*, 18 Ill. 248, it was held that a party may proceed to collect his debt by attachment and by enforcing a mechanic's lien as concurrent remedies; and the lien is not waived by so doing. The court say: "The proceeding under the statute is additional or cumulative of such other remedies for enforcement of the contract out of which the lien arises, as the party may have, either against person or property. He may, therefore, at the same time pursue several remedies for satisfaction of one debt, which are not substantially the same in their nature and effect: as a proceeding against property, and an action against the person; or, two proceedings against different properties or things, but can have one satisfaction only," citing 1 Chit. Pl. 212, 254; *Delahay* v. *Clement*, 3 Scam. 201; *Branigan* v. *Rose*, 3 Gil. 123. This case is cited with approval in *Olson* v. *O'Malia*, 75 Ill. App. 387.

In Massachusetts it is provided by Pub. Stat. c. 191, § 46, that a person having a mechanic's lien may maintain also an action at common law; and it was accordingly held in *Angier* v. *Bay State Distilling Co.*, 59 N. E. Rep. 630, that a building contractor does not waive his lien by bringing an action at law attaching the real estate. The same doctrine is held in *Brennan* v. *Swasey*, 16 Cal. 140; in *Salt Lake Lith. Co.* v. *Ibex M. & S. Co.*, 15 Utah, 440; and in *Roberts* v. *Wilcoxson*, 36 Ark. 356, 363, without reference to any statute.

The motions are denied, and the cases will stand for hearing upon the merits.

*Terrence M. O'Reilley*, for petitioners.