Houck, J.
This suit was originally commenced in the common pleas court of Knox county, the plaintiff in error being the plaintiff below and the defendant in error being the defendant below.
The cause of action set forth in the petition was for the foreclosure of a common-law lien claimed to be held by the plaintiff on a certain Ford automobile owned by the defendant, upon which plaintiff had made certain repairs and performed work and labor. Plaintiff claimed there was due him for such repairs and such labor the sum of $272.57. The prayer of the petition was for the recovery of said $272.57 and for an order of court to issue to the sheriff of Knox county, Ohio, directing him to advertise and sell said machine and apply the proceeds of said sale in payment of the amount as found due the plaintiff, and for general relief.
The plaintiff resides in Knox county, the. defendant in Morrow county, Ohio. A summons was issued on said petition directed to the sheriff of Morrow county, Ohio, and personal service was had upon the defendant, Webb Peoples. A motion was filed by defendant attacking the jurisdiction of the court on the ground that defendant was a resident of Morrow county, Ohio, and that service had been made in that county. The court of common pleas sustained said motion, and to the sustaining of same error is prosecuted to this court.
The defendant in error contends that the petition in error should be dismissed because there is no final order or judgment entered in the case from which error can be prosecuted. He further insists that the motion to quash the service of summons was properly sustained by the trial judge.
*167 Passing the question as to whether or not the judgment in this case is one from which error can be prosecuted, and going to the merits of the case, we know of no authority in law in foreclosure of a common-law lien for the issuing of a summons outside of the county in which the plaintiff resides. The summons in this case was served upon the defendant, who was not a resident of the .county in which it was issued, and it was not served upon him within the county in which it was issued, and we are bound to hold and do hold that the common pleas court had no jurisdiction over the person of the defendant in the present case.
Counsel for plaintiff in error contend and urge that because a summons can be issued to an adjoining county in a foreclosure proceeding that it necessarily follows that the same procedure is proper in the foreclosure of a common-law lien. In the case of the foreclosure of a mortgage the statute clearly provides for such procedure, but we know of no statute with reference to common-law liens, and we have been unable to find an adjudicated case wherein, it was held that a summons could be issued to an adjoining county where it was sought to foreclose a common-law lien.
Thus it follows that the finding of the common pleas court will not be disturbed in the judgment entered in this case.

Judgment affirmed.

Powell and Shields, JJ., concur.