JONES ET AL. *v*. THE IRONTON GARAGE CO.

*Lien — Attachment — Materialman — Effect of levying attachment.*

One having a lien upon property for labor and materials expended on it does not lose the lien by levying an attachment upon the property.

(Decided March 21, 1918.)

ERROR: Court of Appeals for Lawrence county.

*Mr. W. L. Elkins* and *Mr. Jed. B. Bibbee,* for plaintiffs in error

*Messrs. Andrews & Irish,* for defendant in error.

WALTERS, J. This was an action below in replevin, but the property was not taken possession of by the garage company, because no bond was given, and the action proceeded as one for damages.

The chief principle involved, and the only one argued before this court, is that of a waiver of a lien for labor and materials. The waiver was not pleaded, though the want of such pleading has not been argued or presented to us.

One Deffner owned an automobile and placed it with the garage company for repairs. Labor and materials were expended upon it to the amount of $41.70. The plaintiff in error Wilbur Jones attached the automobile in the hands of the garage company for a debt due Jones from Deffner, the owner. The garage company then attached the automobile for its debt. George McKee, as constable, levied on the automobile for Jones and for the garage company, leaving the automobile all the

while in the possession of the garage company. The garage company claimed that it retained possession of the machine at all times until the constable broke the lock and took it by force. The testimony on this point was conflicting, but the jury by their verdict found that the garage company had possession under the charge of the court, and we could not say that their verdict in that respect is manifestly against the weight of the evidence. We proceed, therefore, on the fact, so found by the jury, that the possession was at all times in the garage company and that its common-law lien for labor and materials was preserved to it.

Did the garage company waive its lien by procuring an attachment on the automobile? There is a conflict in the authorities. None has been found in Ohio by counsel on either side, or by ourselves. The nearest case is that of *Green* v. *Bass et al.,* 83 Ohio St., 378. The syllabus is as follows:

"The owner of a senior chattel mortgage does not, by recovering a judgment on the note which it secures and causing execution to be levied on the chattels mortgaged, waive the priority of his lien."

Judge Shauck, at page 384, makes use of the following expression:

"Why should not that which was a security before the recovery of a judgment be a security after it? The plaintiff did not, in any way, change his position in consequence of the recovery of that judgment, nor was he, in any way, affected by it. No reason appears why the case should not be

governed by the general rule that a security continues until the discharge of the obligation."

It is only by reasoning by analogy that this case throws any light on the subject.

*Lambert* v. *Nicklass,* 44 L. R. A., 561 (45 W. Va., 527), is directly in point. The syllabus is as follows:

"1. One who keeps a horse or other live stock for compensation has a lien thereon for such compensation by Code 1891, chap. 100, sec. 15.

"2. An innkeeper or keeper of live stock who has a lien on the property does not lose the lien by levying an attachment upon the property."

At page 564, Justice Brannon says:

"But it is said that Lambert waived or forfeited his lien by bringing action for the same demand before a justice, and levying an attachment upon the property. First, it is argued that judgment in this action merged and destroyed the lien. Judgment does not merge the cause of action, so that it cannot be sued on again; but I understand that in law the debt is one thing and its lien on given property another thing, and that judgment does not destroy the lien. The creditor may enforce both, and his election of one does not exclude the other as a remedy.

" 'Though the debt is merged in the judgment its nature is not destroyed or affected; and, if the debt was one, for which a lien was given at common law or by statute, the lien continues after judgment.' 1 Jones, Liens, Sec. 1032*a.* * * *

"As to the clause from Jones, that 'the attachment is in effect an assertion that the property attached belongs to the defendant,' I will say that

there is no force in it, because by claiming a lien the plaintiff asserts that it belongs to the defendant as much as by attaching it. He asserts the same thing by both lien and attachment, and no estoppel can, therefore, be based upon any contradiction between the two.  *  *  *

"In *Arendale* v. *Morgan,* 5 Sneed, 703, the question is considered, and the court refused to follow that doctrine, and held that where one has property in pledge for debt, and parts with possession with intent to abandon the lien, as if he agrees that it be attached at the suit of a third person, it is gone; but not so where he attaches for his own debt. This is the true proposition.

"To sustain this loss of lien we must place it on one or the other of two ideas,—intentional waiver, or from loss of possession. As to the first, authority is abundant to show that one will not be held to waive a lien unless the intent be express or very plain and clear. The presumption is always against it. Merely taking a new security does not.  *  *  *

"An innkeeper having a lien has no right to sell the property without a judicial proceeding. If he does, he is liable to an action of trover for its unlawful conversion, besides losing his lien. His only remedy is to hold it till payment. Unreasonable this is; but, where no statute can be found providing for a sale, it is so, by much authority.  *  *  * In fact, on the mere strength of lien, he can sue neither at law nor in equity, if there is no statute to allow it. It is different from a pledge or pawn."

In 50 L. R. A., 720 (note to *Whitaker* v. *Sumner,* 20 Pick., 399), these observations are made:

"This qualification of the general doctrine seems to make the question as to the waiver or non-waiver of the lien dependent upon the facts of the case with reference to the lienor's intention and character of the levy, and has the direct support of *Danforth* v. *Denny,* 25 N. H., 155, where it was held that a pledgee of goods did not waive the lien of his pledge by attaching the goods, as further security for the debt pledged, without any intention of abandoning such lien, it appearing that the attachment was levied and the property sold, subject to the lien, and that the officer never took possession, but only got such right as could be taken while the pledgee kept possession."

In *Townsend* v. *Newell,* 14 Pick. (31 Mass.), 332, is found the following:

"Where goods in the possession of a party who had a lien on them, were attached, and he receipted for them to the officer, under an agreement that he should continue to retain for his lien; and afterwards they were attached at his own suit, and he receipted for them, still asserting his lien, it was *held* that the lien was not discharged."

In *West* v. *Flemming,* 68 Am. Dec., 539 (18 Ill., 248), the syllabus reads:

"A creditor may proceed against the debtor by attachment, and by enforcing mechanic's lien, as concurrent remedies; and he does not waive his lien by so doing."

In the opinion, the court say:

"The only questions important for determination are, whether Flemming, by his attach-

ment waived his lien under the mechanic's lien law, or was precluded thereby from proceeding under that law; and whether the court erred in decreeing a sale by the commissioner, without giving the statutory right of redemption.

. "The proceeding under the statute is additional, or cumulative of such other remedies for enforcement of the contract out of which the lien arises as the party may have, either against person or property.

"He may, therefore, at the same time pursue several remedies for satisfaction of one debt, which are not substantially the same in their nature and effect; as, a proceeding against property, and an action against the person, or two proceedings against different properties or things; but can have one satisfaction only."

To the same effect is *Angier* v. *Bay State Distilling Co.,* 178 Mass., 163, 170.

In *Salt Lake Litho. Co.* v. *Ibex Mine Co.,* 49 Pac. Rep., 768 (15 Utah, 440), it was held that a lien for lumber used in a structure was not waived "by the levy of an attachment, afterwards dismissed, on the same property, to secure the same demand."

Also *Martin* v. *Becker,* 146 Pac. Rep., 665 (169 Cal., 301):

"The right to enforce a mechanic's lien is not lost by the fact that the lienor, by levying an attachment upon other property, thereby obtains additional security."

In *Townsend* v. *Newell, supra,* the court laid great stress on the intention of the lienor—whether or not he intended to release his lien by suing out

the attachment. This was the point emphasized also in *Lambert* v. *Nicklass* in declaring "that his attachment itself speaks the negative."

The jury have found that the possession was at all times in the garage company, thus manifesting an intention on its part to assert its common-law lien.

There is no provision by statute for the foreclosing of a common-law materialman's lien, and all the lienor can do is to hold the property until the owner comes for it and retain possession until payment is made, for if he sells it he is liable as for conversion. By issuing the attachment he could furnish a vehicle by means of which the property could be sold, and he could realize his money. *Blackburn* v. *Peoples,* 8 Ohio App., 165.

In most of the cases cited by plaintiffs in error a materialman's lien is a creature of statute, while in Ohio it exists by virtue of the common law. In other states there is a statutory remedy to enforce a statutory right; in Ohio there is none. The remedy by attachment is merely cumulative. *City of Zanesville* v. *Fannan,* 53 Ohio St., 605, and *Darling* v. *Peck,* 15 Ohio, 65.

There are some authorities that hold to the contrary, but the weight of authority and reasoning is that the levy of an attachment upon the same property does not waive the lien of the materialman.

Besides, Section 10286, General Code, provides:

"When property is attached in the hands of a consignee, or other person having a prior lien, his liens thereon shall not be affected by the attachment."

This provision, it seems to us, would preserve the prior lien of a materialman in all events. In suing out the attachment the remedy by attachment was merely cumulative; and, since the jury has found that the garage company had possession all of the time, its lien was reserved to it by the express provisions of the statute above quoted.

The judgment below will, therefore, be affirmed

*Judgment affirmed.*

MIDDLETON and SAYRE, JJ., concur.