Delahay v. Clement.

---

MARK W. DELAHAY, appellant, *v.* JUDSON CLEMENT, appellee.

*Appeal from Scott.*

The judgment for the plaintiff, upon demurrer to a plea in abatement, or replication to such plea, is only interlocutory, *quod respondeat ouster;* and consequently a defendant, by filing a plea in bar, does not thereby waive his plea in abatement. The decision in the case of Delahay v. Clement, 2 Scam. 575, upon this point, is overruled.

The remedy given by the act authorizing the enforcement of the lien of a mechanic, or other person, who has furnished labor or materials for the purpose of erecting or repairing a building, is by a proceeding *in rem*, and is cumulative; and the institution of such proceeding cannot be pleaded in abatement of an action to recover pay for such labor or materials.

Although the law will not permit a party to have more than one satisfaction for his debt, yet, in many cases, it permits him to carry on several remedies at the same time.

THIS cause was decided at the December term, 1840.

McConnel and McDougall, for the appellant, filed a petition for a re-hearing, and cited McKinstry *v.* Pennoyer, *et al.* 1 Scam. 326–7; Moore *v.* Martin, 1 Bibb. 234; 1 Chit. Plead. 487, 489 note, 498–501; Comyn's Dig. title Abatement, 24; Beach *v.* Norton, 8 Conn. 71; Commonwealth *v.* Churchill, 5 Mass. 174.

A re-hearing was granted, and the cause was again submitted.

M. McCONNEL and J. A. McDOUGALL, for the appellant.

J. LAMBORN and L. TRUMBULL, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This cause was decided at the last December term, (1) but on a petition, this Court, at the present term, granted a re-hearing. The petition suggests that the Court mistook the law, by deciding "that where a demurrer to a plea in abatement is sustained, if the defendant files a plea in bar, he thereby waives his plea in abatement." This Court, in the case of McKinstry *v.* Pennoyer *et al.*, (2) decided, that "if there be judgment for the plaintiff, or demurrer to a plea in abatement, or replication to such plea, the judgment is only interlocutory, *quod respondeat ouster.*" Upon the principles decided in that case, it is the order and judgment of the Court, without the

(1) 2 Scam. 575.　　　　　　　(2) 1 Scam. 319.

request of the defendant, that he answer over. In complying with this order, it is not perceived how a party can be said to abandon his plea, or waive his right to a correct decision upon his plea. The Court was doubtless led into this error by supposing that the defendant below stood upon the same ground as a party who, after his plea had been held bad on demurrer, asks and obtains leave of the Court to amend his plea. In this case, the plea is considered as abandoned. So, if a party demurs to a pleading, and the demurrer is overruled, and he obtains leave to withdraw his demurrer and plead or reply, the demurrer is deemed to be waived. In both of these cases, it is considered the act of the party that produces the result. He admits that he was wrong, and he should not be permitted subsequently to come into Court and insist that he was right. In the case at bar, however, there is no such admission. Consequently, if the Court decided the defendant's plea in abatement to be insufficient, when, by law, it should have been sustained, he has a right to have that decision reviewed on a writ of error.

Were, then, the facts stated in the plea of abatement sufficient to abate the action? The plea states, that before the commencement of this suit, the plaintiff had filed a petition in the Circuit Court of Scott county, under the act entitled " An Act for the benefit of Mechanics," passed February 22, 1833, (1) to enforce a mechanic's lien for the same note and cause of action, and that said petition was, at the commencement of this suit, still depending and undetermined in said Scott Circuit Court.

By the first section of the act above mentioned, it is declared, " That in all cases hereafter, where any contract shall be made between the proprietors of any tract of land or town lot, on the one part, and any person or persons on the other part, for the erecting or repairing any house or other building, mill, or machinery, of any description whatever, or their appurtenances; or for furnishing labor or materials for the purposes aforesaid; and every other person, who may have furnished materials which may have been used in the construction of such house, building, or mill, whether by special agreement or otherwise, the person or persons who shall, in pursuance of such contract, have furnished labor or materials for such purposes, or who shall have furnished such materials as aforesaid, shall respectively have a lien to secure the payment of the same, upon such house or other building, mill, or machinery, and on the lot or tract of land on which the same shall be erected."

The second section of the act directs the mode of enforcing the lien. The third section is as follows : " The clerk of the court, when judgment has been had, under the provisions of this act, on application, shall issue a special execution, directed to the sheriff of the proper county, describing the property upon which said lien

(1) R. L. 447; Gale's Stat. 460.

is made to operate, and out of which said judgment and costs are to be collected, or so much thereof as said property will bring; and no other property of said defendant, in any suit as aforesaid, shall be bound for the payment of such judgment, unless the claimant hold collateral security for the payment of the same."

It is evident from these provisions, that the remedy authorized by the statute is only a proceeding *in rem.* The remedy is also cumulative. The judgment obtained only authorizes the sale of the property on which the lien operates. This property may not sell for enough to satisfy the plaintiff's debt. Should this be the case, the remedy would be inadequate to meet the demands of justice. The party ought, therefore, to be permitted to avail himself of such other remedies as the law prescribes, to reach the defendant's property, other than that to which his lien extends.

Although the law will not permit a party to have more than one satisfaction for his debt, yet, in many cases, it permits him to carry on several remedies at the same time. A party who holds a bond and mortgage to secure a debt, may maintain ejectment to recover the possession of the mortgaged premises, foreclose the equity of redemption in chancery, and sue on the bond; and have all these actions proceed at the same time. Other cases might be stated, where the law permits several actions to be carried on at the same time, but it is unnecessary to state them, as they are familiar to all conversant with the proceedings of courts of law. It, perhaps, would be difficult to lay down a rule by which to limit the right of a party to pursue different remedies at the same time. There is no doubt, however, that the case at bar is analogous to the case of a bond and mortgage, and the party should be permitted to obtain a judgment to enforce the specific lien, and also a general judgment to reach the defendant's other property. The Court below, consequently, decided correctly in overruling the defendant's plea in abatement.

The judgment is re-affirmed with costs.

*Judgment re-affirmed.*