## WEBB *a.* VAN ZANDT

*New York Common Pleas; General Term, July,* 1863.

IRRELEVANT AND FRIVOLOUS DEFENCES.—MECHANIC'S LIEN.—
ANOTHER ACTION PENDING.

The power to strike out a defence on motion should never be exercised in a case in the slightest degree doubtful, nor unless the court can, upon a mere statement of the case and without argument, declare the defence to be irrelevant, or frivolous.

In a proceeding to enforce a mechanic's lien, defences: 1. That the agreed price was payable by instalments, and that the notice of lien was not filed within six months after the first instalments became due; and, 2. That there was an action at law pending to recover the same amount,—*Held*, not irrelevant or frivolous.

That neither of these matters constitute a sufficient defence. Per DALY, J.

Appeal from an order denying a motion to strike out defences as irrelevant and frivolous.

This was a proceeding under the Mechanics' Lien Law, instituted by James Webb against Wynant Van Zandt, to enforce the builder's lien for the erection of a house, under a contract by which the plaintiff was to have been paid in three several in-

stalments—two at different stages of the work, the third on the completion of the house; the lien claimed, also, to include a demand for the value of certain extra work. The owner interposed several defences, of which two were attacked in the motion from which this appeal was taken. One of these defences was, that the notice of lien was not filed within six months after the completion of work sufficient to entitle the claimant to the first and second instalments; the other was that another action was pending in the Supreme Court "for the same identical work, labor, materials, contract, extra work materials, and cause of action in the complaint in this action mentioned."

The motion to strike out these defences was denied, and the plaintiff appealed.

*Francis Tillou,* for the appellant.—I. The defendant claims in effect that the plaintiff should have filed three several notices of lien, and alleges his not doing so as a defence. The statute means "after the performance" of the entire work, and does not contemplate a repetition of several liens for different parts of the same thing. The matters alleged on this point do not constitute a defence, and are therefore irrelevant, and should be stricken out. (5 *Duer,* 660; 5 *How. Pr.,* 476.)

II. The defence which alleges another action pending, is irrelevant. 1. This proceeding is an equitable one *in rem* and not *in personam;* only the foreclosure of a lien, not an ordinary action for the collection of a debt. (Randolph *a.* Leary, 3 *E. D. Smith,* 540; Doughty *a.* Devlin, 1 *Ib.,* 644; Cronkright *a.* Thompson, *Ib.,* 661; Gridley *a.* Rockland, *Ib.,* 671.) 2. The filing of a notice of a claim under the act forms no bar to a distinct personal action against the owner or contractor for the amount thereof. (Pollock *a.* Ehle, 2 *Ib.,* 541; Maxey *a.* Larkin, *Ib.,* 540; Cremer *a.* Byrnes, 4 *Ib.,* 758.) 3. A creditor may pursue his collateral securities, and also proceed against his debtor. (Chapman *a.* Martin, 12 *Johns.,* 240; Day *a.* Seal, 14 *Ib.,* 404; Taggart *a.* Curtenius, 15 *Wend.,* 157; Bay *a.* Gun, 1 *Duer,* 108.) 4. Sections 144 and 147 of the Code do not enlarge the defence of another action pending, but merely denotes the mode in which such a defence or objection, in so far as it is already available by law, may be taken advantage of. (Cook *a.* Litchfield, 4 *Duer,* 330.) 5. The cause of this action is

the lien, as a mortgage is the cause of action in an ordinary foreclosure-suit. (Groshen *a.* Lyon, 16 *Barb.*, 461, 466, 468, and cases cited; Inness *a.* Lansing, 7 *Paige*, 584; Newburgh *a.* Wren, 2 *Vern.*, 220; Haire *a.* Butler, 5 *N. Y.*, 357.) 6. The plaintiff by filing the notice acquired a statutory mortgage upon the land; and it has been held that a creditor by bond and mortgage has three remedies, either or all of which he may pursue till his debt is satisfied, viz.: (1.) Action on the bond. (2.) Ejectment. (3.) Foreclosure and sale. (Jackson *a.* Hall, 10 *Johns.*, 481.) The lien law of 1851 merely gives a cumulative remedy, and does not curtail or restrict the remedies of the creditor.

*Philip J. Joachimsen*, for the respondent.—I. The right of plaintiff to recover, rests in part upon his having perfected his lien within the time allowed him by the statute. Defendant sets up as to a great part of plaintiff's claim, in substance, that this work so performed in pursuance of the contract, had been performed more than six months before the filing of the lien. This is a substantial defence, and therefore not irrelevant.

II. Defendant pleads a pending action in the Supreme Court for the same cause. This is a defence expressly recognized by section 144 of the Code, and therefore cannot be irrelevant. Before the Code, plaintiff could, on motion, have been put to an election of suits. (Rogers *a.* Vosburgh, 4 *Johns. Ch.*, 84; Livingston *a.* Hare, 3 *Ib.*, 224; *Eden on Inj.*, 27, 28.)

III. The questions raised by the defendant are of importance, have never been decided, and the proper disposition of them can only be made at the trial, giving to the parties an opportunity for a review upon an appeal.

IV. The plaintiff cannot be said to be "aggrieved" by the defence. He, therefore, had no right to make this motion.

HILTON, J.—The defences are not so clearly irrelevant or frivolous as to justify their being stricken out on a motion, unless we are willing to declare that the more formal remedy by demurrer, intended for cases like this, should be abandoned.

As to the first defence, its invalidity has never been determined by any court, and although I am not prepared to hold it valid, yet I will not upon a summary motion declare it in-

valid, nor, in the present case, examine it as upon a demurrer, as I understand the well-settled rule, applicable to all motions of this kind, to be whether the court can upon a mere statement o*f* the case, and without argument, declare the defence to be irrelevant or frivolous. (*Voorhees' Code*, § 152, and *notes*.) As has often been remarked, the power to strike out a defence is one that should be sparingly exercised, and should never be applied to a case in the slightest degree doubtful.

Respecting the fourth defence, much may be said in favor of permitting it to stand upon the record, to the end that the proof at the trial necessary to substantiate it may be offered, so that on a review the case may be presented to the appellate tribunal in its fullest aspect. The present action is, it is true, brought under the Lien Law, and although in the nature of a proceeding *in rem*, yet it may also terminate, in case of a deficiency upon a sale of the premises, in a *personal* judgment against the defendant for a part, or the whole, of the plaintiff's claim. The action in the Supreme Court is of a personal nature, upon the same demand; and the two suits may, progressing together, result in giving the plaintiff two distinct judgments for the same cause of action.

Whether this can be done has never yet been decided by any court, and I am not willing to determine it upon a motion to strike out a defence as frivolous.

I think the order appealed from should be affirmed.

BRADY, J., concurred.

DALY, F. J.—I think that neither of the defences was available. The first assumed that the plaintiff could not have a lien for the whole amount that was due upon the contract and for extra work; that the right was lost as to the first two payments by suffering six months to elapse after each of these payments became due, without taking any steps to create a lien for the amount then earned; and that, also, by allowing six months to elapse after the extra work was done, the right to create a lien as to it was lost, and that the notice filed by the plaintiff a few days after the whole work was finished would cover only what was due on the last payment. There is nothing in the Lien

Law to warrant such a construction as this. The contract was for the erection of a building, afterwards enlarged by an agreement for extra work; and the plaintiff had six months after the performance of the entire work,—that is, after the building was completed,—within which to serve the notice upon the county clerk. The lien is given to any person performing labor, &c., in building any house, who, after "the performance of such labor,"—that is, after building the house,—shall serve the notice required upon the county clerk, which in this case was served in five days after the building was completed.

As to the other ground of defence, the suit in the Supreme Court could not be set up in bar to this action. The remedies were different, and where a party has several remedies for the recovery of the same debt, he may resort to them all, though he can have but one satisfaction. Thus, where a bond and mortgage is given to secure a debt, the creditor may have at the same time an action upon the bond, and a suit in equity for the foreclosure of the equity of redemption and the sale of the land. (Jackson *a.* Ireland, 10 *Johns.*, 481.) The two actions here are not alike. The one is brought to recover a personal judgment, which is a lien only upon real estate from the time that judgment is recovered; the other to obtain a decree for the sale of the interest which the defendant had in these premises on the day when the notice of lien was filed. The cause of action is not the same. The existence of the lien creates the cause of action in the present suit, but for which the court could not exercise the equitable jurisdiction which the action is brought to enforce.

Order affirmed.