(25 Civ. Proc. R. 62.)

### BARBIG v. KICK et al.

(Common Pleas of New York City and County, Special Term. September, 1895.)

MECHANICS' LIENS—FORECLOSURE—EFFECT OF JUDGMENT IN ACTION FOR DEBT.
Code Civ. Proc. § 1630, providing that an action to foreclose a mortgage "shall not be commenced or maintained," where a judgment has been recovered at law for the mortgage debt, until execution issued on the judgment is returned unsatisfied, applies to actions to foreclose mechanics' liens by Laws 1885, c. 342, § 8, which declares that the manner and form of instituting and prosecuting actions to foreclose mechanics' liens "shall be the same as in actions for the foreclosure of mortgages on real property," as the provision of said section 1630 is merely a rule of procedure; the right to sue not being abolished thereby, but only suspended.

Action by Edward Barbig against Louisa P. Kick and another to foreclose a mechanic's lien. Defendant contractor demurs to the complaint. Sustained.

John Mulholland, for plaintiff.
George Haas, for demurring defendant.

PRYOR, J. Action by subcontractor against owner and contractor for foreclosure of a mechanic's lien. Demurrer by contractor defendant. The complaint shows a judgment against the contractor defendant for the debt secured by the lien, but omits to allege issue or return of execution. This defect the demurrer affirms to be fatal to the defense. Upon principle, the lien is a security for the debt, and a judgment for the debt is no bar to the enforcement of the security. The remedies by action for the debt and foreclosure of the lien are cumulative and concurrent, and the creditor may pursue both until he obtains satisfaction. Pollock v. Ehle, 2 E. D. Smith, 541; Hall v. Pettigrove, 10 Hun, 609. The plaintiff concedes the law to be so if not changed by statute, but he contends that by section 8, c. 342, Laws 1885, the return of the execution unsatisfied is an indispensable condition to the maintenance of the action to foreclose the lien. The section provides that "the manner and form of instituting and prosecuting any such action * * * shall be the same as in actions for the foreclosure of mortgages upon real property." By section 1630 of the Code, an action to foreclose such mortgage "shall not be commenced or maintained" until the return of execution unsatisfied. The precise point for adjudication is, does the act of 1885, in conjunction with section 1630 of the Code, preclude enforcement of the lien until issue and return of execution? In the foreclosure of a mortgage, the complaint must state whether any other action has been brought to recover any part of the mortgage debt (Code, § 1629); and, if in such action judgment has gone for the plaintiff, he cannot commence or maintain an action to foreclose the lien until the issue and return of execution (section 1630). If, then, the procedure in an action to foreclose a lien is to be identical with the procedure in an action to foreclose a mortgage, the issuance and return of an execution is as indispensable in the former as in the

latter action; and, if the fact of such issuance and return be an essential constituent in the cause of action, an elementary rule of pleading requires its allegation in the complaint. Were the effect of the provisions of the Code to deprive the mortgagee of his right to foreclosure, they would not be a mere regulation of procedure; and so, since the act of 1885 only assimilates the two actions in procedure, section 1630 might not apply in an action upon the lien. As, however, the right to sue is not abolished, but only suspended until the return of execution, the provision is plainly a rule of procedure. The lienor may maintain an action at law for the debt, but, if he chooses to pursue the legal remedy, he must exhaust it before recourse to equitable relief. The equity of the rule is illustrated in the present case. The plaintiff has recovered a judgment for the debt against his contractor, but, without an attempt to coerce payment from the real debtor, he seeks satisfaction out of the property of one standing substantially in the situation of a surety. Upon another ground, too, it is apparent that, as against the contractor, the complaint propounds no cause of action. There is no lien upon his property to be foreclosed, nor can there be a recovery against him for the debt, because it is already merged in judgment. Against him, therefore, the complaint exhibits no right to relief.

Demurrer sustained, with leave to amend on payment of taxable costs.