is released by provisions of law, the creditor can have no other affir-. mative means of collecting the debt. Koenig v. Steckel, 58 N. Y. 475. It may be that the imprisonment of the debtor is so far a temporary 'satisfaction of the debt that the judgment creditor could not, as a means of collecting his debt, be a petitioner to force the debtor into bankruptcy; but here the debtor himself pursues a remedy, namely, the proceeding in bankruptcy, to get rid of his debt. The fact that the creditor is having a temporary satisfaction of his judgment by the imprisonment of the debtor, and therefore cannot take other affirmative proceedings to collect his debt, does not deprive the debtor himself, who is in prison, from taking such affirmative and aggressive means to obtain release from his debts or imprisonment as he may deem proper. Pinckney v. Hegeman, 53 N. Y. 31. The debtor therefore had the right to file the petition in bankruptcy; and this debt, not being a secured one, was provable in bankruptcy, and is, consequently, discharged. The judgment being discharged, there was no warrant for keeping the judgment debtor in jail, and for his escape the defendant is not liable. The plaintiff has suffered no pecuniary loss by reason of the fact that Hendrick left the jail liberties, as Hendrick was not legally indebted to him. Formerly an imprisoned debtor discharged under the two-thirds act could apply to the court for his discharge from imprisonment. Pinckney v. Hegeman, 53 N. Y. 31. But under the provisions of the Code of Civil Procedure, where an imprisoned debtor is discharged under the state insolvent law, the sheriff must discharge him upon being furnished a certified copy of the discharge. Code Civ. Proc. § 2185. It would seem that a similar practice in case of a discharge in bankruptcy is both reasonable and proper. The defendant is therefore entitled to judgment for a dismissal of the complaint, with costs.

Judgment for defendant for a dismissal of complaint, with costs.

---

(39 Misc. Rep. 707.)

### POWER v. ONWARD CONST. CO. et al.

(Supreme Court, Special Term, New York County. February, 1903.)

**1. MECHANIC'S LIEN—ENFORCEMENT—SEPARATE ACTION FOR DEBT.**

A complaint for a money judgment setting out a mechanic's lien and the bonding thereof is not demurrable because it alleges that before the commencement of the present action the plaintiff had commenced another, which was still undetermined. against the same defendant, to recover the debt set forth in the complaint, as the other action may have been to recover the debt which was the foundation of the lien, plaintiff being entitled to sue for the debt and enforce his mechanic's lien at the same time.

Action by Michael Power against the Onward Construction Company and others. Demurrer to complaint overruled.

William F. Clare, for plaintiff.

Mortimer Kennedy Flagg, for defendant the Onward Construction Company.

BLANCHARD, J. This is a demurrer to a complaint upon the ground stated in subdivision 4 of section 488 of the Code of Civil

Procedure, that "it appears upon the face of the complaint that there is another action pending between the same parties for the same cause." The complaint, after setting forth that the plaintiff performed certain work and furnished certain material for a building for the defendant the Onward Construction Company, sets forth the value thereof and the amount remaining due thereon, and then alleges the filing of a lien and the bonding thereof, all pursuant to the statutes of this state. Then follows the clause which is the source of the trouble, to wit:

"That prior to the commencement of this action another action had been brought by this plaintiff against the defendant the Onward Construction Company to recover the amount of indebtedness hereinbefore set forth, and the said other action is still pending and undetermined; and that no part of said indebtedness has been collected."

Relief is then prayed for, asking a money judgment against the defendant the Onward Construction Company, and that such sum be declared a valid lien, and that the surety be adjudged liable therefor by virtue of the bond, and for such other relief as may be proper. Defendant claims that by virtue of the clause before quoted the plaintiff has brought himself directly within the intent and meaning of the Code provision cited at the beginning of this opinion; its argument being that this is an action upon the bond given to discharge the lien, and that the use of the words in the clause of the complaint before quoted, "indebtedness hereinbefore set forth," refers to this same bond. The plaintiff's claim, however, is that the "indebtedness hereinbefore set forth" refers to the money owing for the work and material furnished, and that he may pursue cumulative remedies, to wit, an action for the work and materials furnished and another for the maintenance and foreclosure of a lien. There can be no doubt of the plaintiff's right to pursue his remedy for the debt and the enforcement of the lien at the same time by different actions. Webb v. Van Zandt, 16 Abb. Prac. 190, 194; Raven v. Smith, 71 Hun, 197, 24 N. Y. Supp. 601; Matter of Gould Coupler Co., 79 Hun, 206, 29 N. Y. Supp. 622; Raven v. Smith, 87 Hun, 90, 33 N. Y. Supp. 972; Smith v. Fleischman, 23 App. Div. 358, 48 N. Y. Supp. 234. But the question here to be determined is, does the complaint on its face show that the other action is to establish a lien and recover the "cause" of action alleged in the complaint in this action. If it does not, then the demurrer must be overruled. All the clause before quoted states is that another action was commenced "to recover the amount of indebtedness hereinbefore set forth." It may very well be that the other action is an action to recover the amount of the debt which was the foundation of the lien. Certain it is that the complaint here does not show it is not. For aught that is contained in the complaint demurred to, the other action may be such a one, in which event, under the decisions cited, this action would still be proper. The demurrer will be overruled, with costs to plaintiff, with leave to defendant to plead anew upon payment of such costs.

Demurrer overruled, with costs to plaintiff, with leave to defendant to plead anew upon payment of costs.