PETER C. ERICKSON v. PETER P. RUSS and Mary L. Russ.

(32 L.R.A.(N.S.) 1072, 129 N. W. 1025.)

**Mechanics' Lien — Remedies — Judgment in Separate Action.**

1. Recovery of a judgment against the debtor, in a suit at law, does not waive the right to a lien nor bar an equitable action to enforce the same.

**Mechanics' Lien — Exhausting Remedies at Law.**

2. In the absence of statutory requirement, the lienor is not required to exhaust his remedy at law before resorting to the security of his lien.

**Mechanics' Lien — Foreclosure — Statutory Provisions.**

3. The remedy for the enforcement of a mechanics' lien by foreclosure, as prescribed by § 6245, Revised Codes 1905, is not governed by § 7481, Revised Codes 1905, relating to foreclosure of real-estate mortgages.

Opinion filed January 25, 1911.

Appeal from the District Court, Billings county, *Crawford,* J.

Action by Peter C. Erickson against Peter P. Russ and another to foreclose a mechanics' lien. From a judgment sustaining a demurrer of defendant, Peter P. Russ, plaintiff appeals.

Reversed, with directions to overrule demurrer.

*Joseph Denoyer,* for appellant.

*J. A. Miller,* for respondent.

BURKE, J. The facts in this case, as stated in the complaint and admitted by the demurrer, are as follows: On or about the 19th day of March, 1906, the defendant was the owner of lot 4, block 2, original township of Beach, Billings county, North Dakota, and upon that day made a contract with the plaintiff, whereunder the said plaintiff performed certain work and labor upon the said lot in the way of excavating for a cistern and cellar. That said work was of the agreed value of $70, and was completed by April 1st, 1906. That upon the 28th day of April, 1906, the plaintiff took the necessary steps to secure a mechanics' lien upon the said premises. That said lien is still in force and unsatisfied, and is the property of the plaintiff. That on the 19th day of May, 1906, the plaintiff started a suit at law upon the said debt

against the defendant Peter P. Russ alone, and finally recovered a judgment, which is still owned by the plaintiff and unsatisfied.

That during the time the work was being done, the defendant Peter P. Russ transferred the said premises to the defendant Mary L. Russ.

March 10, 1909, the plaintiff commenced an action in equity to foreclose the said mechanics' lien, making both Peter P. Russ and Mary L. Russ defendants. The defendants filed separate demurrers to the complaint, alleging that it appeared from the face of the said complaint that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained, and the plaintiff has appealed from the said orders.

The defendant Peter P. Russ makes but one objection to the complaint, which he states in his brief as follows: "The plaintiff has not exhausted his remedy for the collection of this debt, and, until there is an allegation in his complaint that an execution has been issued and returned unsatisfied, he cannot maintain this action."

In this contention the defendant is clearly wrong. The purpose of the mechanics' lien statute is to give to a certain class of creditors security upon the product of their labor or material, to which they may resort, irrespective of the ordinary remedies at law. The lien does not destroy any contractual relation of indebtedness that may arise, and the debt which would exist if there were no mechanics' lien may be enforced, like any other debt, by an action at law in proper court.

Neither is the lien waived or merged upon the obtaining of a judgment at law upon the debt. Until the lienor has realized upon said judgment or parted with the ownership thereof, it does not act to destroy his lien. Germania Bldg. & L. Asso. v. Wagner, 61 Cal. 349; Brennan v. Swasey, 16 Cal. 141, 76 Am. Dec. 507; McNeil v. Borland, 23 Cal. 144; West v. Flemming, 18 Ill. 248, 68 Am. Dec. 539; Ryndak v. Seawell, 13 Okla. 737, 76 Pac. 170; Gibbs v. Tally, 133 Cal. 373, 63 Pac. 168, 75 Pac. 970; Delahay v. Clement, 4 Ill. 201; Wake v. Canadian P. Lumber Co. 8 B. C. 358; Hatcher v. Hendrie & B. Mfg. & Supply Co. 68 C. C. A. 19, 133 Fed. 267; Olson v. O'Malia, 75 Ill. App. 387; Ehlers v. Elder, 51 Miss. 495; Gridley v. Rowland, 1 E. D. Smith, 670; Raven v. Smith, 71 Hun, 197, 24 N. Y. Supp. 601, Id. 148 N. Y. 415, 43 N. E. 863; Webb v. Van Zandt (C. Pl. Gen. T.) 16 Abb. Pr. 190; Power v. Onward Constr. Co. (Sup. Ct. Spec. T.) 39 Misc. 707, 80 N. Y. Supp.

950; Murray v. Rapley, 30 Ark. 568; Potvin v. Wickersham, 15 Wash. 646, 47 Pac. 25; Salt Lake Lithographing Co. v. Ibex Mine & Smelting Co. 15 Utah, 440, 62 Am. St. Rep. 944, 49 Pac. 768; Roberts v. Wilcoxson, 36 Ark. 355; Brock v. Bruce, 5 Cal. 279, 280; Hunt v. Darling, 26 R. I. 480, 69 L.R.A. 497, 59 Atl. 398, 3 A. & E. Ann. Cas. 1098; Marean v. Stanley, 5 Colo. App. 335, 38 Pac. 395; Kirkwood v. Hoxie, 95 Mich. 62, 35 Am. St. Rep. 549, 54 N. W. 720; Vandyne v. Vanness, 5 N. J. Eq. 485; Anderson v. Huff, 49 N. J. Eq. 349, 23 Atl. 654; Fisher v. Russ, 71 Pa. 40; Fox v. Seal, 22 Wall. 424, 22 L. ed. 774; Cordova v. Hood, 17 Wall. 1, 21 L. ed. 587.

Neither is the lienor under any obligation to exhaust his remedy at law before resorting to the security of his lien.

Defendant, however, contends that the foreclosure of mechanics' liens must be governed by the provisions of our Code, relating to the foreclosure of real-estate mortgages, and inasmuch as § 7481, Revised Codes 1905, requires that an execution be returned unsatisfied in a similar case upon the foreclosure of a real-estate mortgage by action, a similar requirement is imposed upon one foreclosing a mechanics' lien.

In this the defendant is also wrong. Section 6245, Revised Codes 1905, prescribes the action to be taken in foreclosure of mechanics' liens, and reads: "Any person having a lien by virtue of this chapter may bring an action to enforce the same in the district court in the county or judicial subdivision in which the property is situated, and any number of persons claiming liens against the same property may join in the same action, and, when separate actions are commenced, the court may consolidate them. Whenever, in the sale of the property subject to the lien, there is a deficiency of the proceeds, judgment may be entered for the deficiency, in like manner and with like effect as in actions for the foreclosure of mortgages." We do not believe that the last sentence, providing for the entry of a deficiency judgment in like manner and with like effect as in actions for the foreclosure of mortgages, can be construed to mean that the whole procedure must be the same. See McCormack v. Phillips, 4 Dak. 506, 34 N. W. 39.

Our attention has been called to the cases of Finlayson v. Crooks, 47 Minn. 74, 49 N. W. 398, 645, and Barbig v. Kick, 70 N. Y. S. R. 470, 35 N. Y. Supp. 676. These cases were decided under statutes providing that a mechanics' lien shall be enforced in the same manner as

an action to foreclose a real-estate mortgage. As already pointed out, we have a very different statute, and those cases do not apply.

The demurrer should have been overruled and the District Court is directed to so order. All concur.