# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 207

|  |  |
|---|---|
| SWMO LLC, a North Dakota Limited Liability Company, | Plaintiff and Appellant |
| v. | |
| Eagle Rigid Spans Inc., the General Contractor; Mon-Dak Plumbing and Heating, Inc.; Ronald J. Koch d/b/a RK Electric, | Defendants and Appellees |
| Creative Image Concrete, Inc.; and all other persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the complaint, | Defendants |

No. 20180407

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Daniel J. Frisk, West Fargo, ND, for plaintiff and appellant.

Christopher J. Nyhus, Bismarck, ND, for Eagle Rigid Spans, Inc., defendant and appellee.

Charles L. Neff, Williston, ND, for Mon-Dak Plumbing and Heating, Inc., defendant and appellee.

Samuel G. Larson, Bismarck, ND, for Ronald J. Koch d/b/a RK Electric, defendant and appellee.

**Crothers, Justice.**

[¶1]     SWMO, LLC appeals district court orders granting partial summary judgment to Mon-Dak Plumbing and Heating, Inc. and RK Electric relating to their work performed on a building owned by SWMO.  The court awarded Mon-Dak $125,600 and RK Electric $114,242 from funds deposited into court by SWMO.  SWMO claims disputed issues of fact precluded summary judgment.  We affirm in part, reverse in part and remand.


I

[¶2]     SWMO contracted with Eagle Rigid Spans for the construction of a commercial building in Williston.  Eagle was the general contractor and Mon-Dak and RK Electric were subcontractors for the project.   Mon-Dak and RK Electric contracted with Eagle to provide HVAC, plumbing, and electrical work on the building.   During construction, SWMO noticed defects in the materials and workmanship and believed the building was not properly constructed.

[¶3]     After completing their work and not receiving full payment from Eagle, Mon-Dak recorded a $136,300 construction lien against SWMO's property and RK Electric recorded a $114,242.32 lien.  In June 2015, SWMO sued Eagle, Mon-Dak, and RK Electric, alleging breach of contract and negligence related to the building's construction.  After filing suit, SWMO applied for a release of Mon-Dak's and RK Electric's construction liens by undertaking as allowed under N.D.C.C. ch. 35-21.  SWMO claimed the amount of the liens were in dispute.  SWMO deposited $276,862.32 to cover the amount of the liens and interest.

[¶4]     RK Electric and Mon-Dak both moved for partial summary judgment, claiming they were entitled to their respective portions of deposited funds.  They argued they performed the work as requested with no objections from SWMO or Eagle, and the

liens they recorded against SWMO's property entitled them to payment. Mon-Dak also asserted it was entitled to payment because SWMO was unjustly enriched by Mon-Dak's work on the building. In response, SWMO disputed the amounts claimed by Mon-Dak and RK Electric. The district court granted partial summary judgment to RK Electric and Mon-Dak, concluding they performed "the work on the project and [were] entitled to be paid for that work." The court awarded RK Electric $114,242 and Mon-Dak $125,600 from the funds deposited by SWMO.

[¶5]    After a bench trial, the district court found Eagle breached the contract with SWMO, and materially misrepresented the amounts paid to subcontractors. The court entered a judgment against Eagle awarding SWMO $262,154.21 in damages. SWMO appealed the partial summary judgment orders after entry of final judgment. *See Brunsoman v. Scarlett*, 465 N.W.2d 162, 164 (N.D. 1991) (treating an appeal from an interlocutory partial summary judgment order as an appeal from the final judgment).


II

[¶6]    SWMO argues the district court erred in granting partial summary judgment to Mon-Dak and RK Electric. SWMO claims summary judgment was not appropriate because disputes existed about the amounts due on their construction liens with Mon-Dak and RK Electric.

[¶7]    This Court's standard of review for summary judgments is well-established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court

2

properly granted summary judgment is a question of law which we review de novo on the entire record."

*Baker Boyer Nat'l Bank v. JPF Enterprises, LLC*, 2019 ND 76, ¶ 9, 924 N.W.2d 381 (quoting *Wenco v. EOG Res., Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701).

[¶8]   The party resisting summary judgment must present competent admissible evidence that raises an issue of material fact, and if appropriate, must draw the court's attention to relevant documents in the record containing evidence raising an issue of material fact. *Mr. G's Turtle Mountain Lodge v. Roland Twp.*, 2002 ND 140, ¶ 22, 651 N.W.2d 625.  A district court may not weigh the evidence, determine credibility or attempt to discern the truth of the matter when ruling on a summary judgment motion.  *Martin v. Marquee Pacific, LLC*, 2018 ND 28, ¶ 10, 906 N.W.2d 65. Deciding an issue on summary judgment is improper if the court must draw inferences or make findings on disputed facts.  *Id.*

A

[¶9]   Construction liens are governed by N.D.C.C. ch. 35-27.  Under N.D.C.C. § 35-27-02, "[a]ny person that improves real estate, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which the improvement is situated."  The amount of the lien is for the difference between the price paid by the owner or agent and the price or value of the contribution.  *Id.*  "If the owner or agent has paid the full price or value of the contribution, no lien is allowed."  *Id.*  The holder of a construction lien may bring an action in district court to enforce the lien.  N.D.C.C. § 35-27-24.

[¶10]   A property owner burdened by a construction lien may apply for release of the lien under N.D.C.C. § 35-21-02:

> "The owner of the property to be released by undertaking, or of a substantial interest in the property, shall file the following with the clerk of the district court for the county in which the lien is filed:
> 1. An application for the release of the lien by undertaking;
> 2. An affidavit describing the owner's interest in the property and stating that the owner has a defense against

the collection of the lien, or a part of the lien, and that there exists a disagreement between the parties as to the amount or validity of the lien, and that the owner desires a discharge of the lien from the records; and

3. An undertaking, in an amount not less than the lien, with two sureties, to the effect that the owner will pay any amount that may be recovered by the lien claimant, together with all costs."

Under the statute, "[t]he undertaking is the substitute for the security provided by the lien." *Narveson v. Schmid*, 77 N.D. 814, 822, 46 N.W.2d 288, 292 (1951).

[¶11] Here, Mon-Dak and RK Electric recorded construction liens against SWMO's property, claiming Eagle did not pay them the full value of their services. After suing Eagle, Mon-Dak and RK Electric, SWMO applied for a release of the liens. SWMO alleged in its application that the lien amounts were in dispute. In lieu of an undertaking with two sureties, SWMO deposited funds into court to cover the liens plus interest. Upon release of the liens, Mon-Dak and RK Electric had a security interest in the funds deposited by SWMO. *See Narveson*, 77 N.D. at 821, 46 N.W.2d at 292.

[¶12] Mon-Dak and RK Electric sought to collect the amounts covered by their released liens through summary judgment. They claimed the work provided and the amounts claimed were undisputed. In support of the summary judgment motions, Mon-Dak and RK Electric submitted evidence showing what Eagle paid them under the subcontracts and the balance due. The district court held Mon-Dak and RK Electric were entitled to payment from the funds deposited into court in the amounts due from Eagle.

[¶13] SWMO does not dispute that Mon-Dak and RK Electric provided HVAC, plumbing and electrical work on the building. SWMO argues that because Mon-Dak and RK Electric had subcontracts with Eagle, they should have brought breach of contract actions against Eagle to collect the unpaid balances on the contracts. SWMO also claims they could not recover from SWMO under the equitable doctrine of unjust enrichment because an action against Eagle was an adequate remedy at law.

4

[¶14]   In *Erickson v. Russ*, 21 N.D. 208, 210, 129 N.W. 1025, 1026 (1911), this Court held a mechanic's lien claimant is under no "obligation to exhaust his remedy at law before resorting to the security of his lien."  In *Erickson*, 21 N.D. at 210, 129 N.W. at 1026, this Court construed section 6245, R. C. 1905, a predecessor to N.D.C.C. § 35-27-24, which provided a statutory remedy to enforce a construction lien.  Thus, while Mon-Dak and RK Electric could have pursued a breach of contract action against Eagle, they also had the option to enforce their construction liens against SWMO under N.D.C.C. § 35-27-24.  When SWMO deposited funds into court to release the liens, the funds became a substitute for the security of the liens.  Mon-Dak and RK Electric were not required to sue Eagle before enforcing their claim against SWMO.  The district court did not err in ruling Mon-Dak and RK Electric could recover from the funds deposited by SWMO.

B

[¶15]   SWMO argues the district court erred in awarding Mon-Dak $125,600 and RK Electric $114,242 from the deposited funds.  SWMO claims the amounts due to Mon-Dak and RK Electric were in dispute.

[¶16]   Mon-Dak supported its motion for summary judgment with an invoice describing its work on the building.  The invoice showed Eagle paid Mon-Dak $85,000 and an unpaid balance of $125,600.  Similarly, RK submitted an invoice showing an unpaid balance of $114,242 after receiving $102,500 from Eagle.  Eagle responded to Mon-Dak's and RK Electric's motions and did not dispute the amounts it owed Mon-Dak and RK Electric under the subcontracts.

[¶17]   SWMO disputed the amounts owed to Mon-Dak and RK Electric.  SWMO submitted a "Contractors Application for Payment" and "Project Activity Breakdown Sheet" dated August 12, 2014, prepared and certified by Eagle.  The documents show $219,319 of work was done to complete the building and request a final payment from SWMO in that amount.  The activity breakdown sheet shows that of the $219,319 of work done, a portion of the work was HVAC, plumbing and electrical.  The application for payment, signed by Eagle's president, indicates SWMO paid

5

$1,216,568 toward the project and states "The undersigned Contractor certifies that to the best of his knowledge, the Work covered by this Application for Payment has been completed and all amounts have been paid, by the Contractor, for work performed for previous pay requests and that current payment shown, is now due."

[¶18] The district court's orders granting Mon-Dak and RK Electric summary judgment do not discuss the documents submitted by the parties relating to the motions. The orders simply state "it appears there is no just reason to deny Mon-Dak's [and RK Electric's] motion at this time, at least insofar as the principal amount due."

[¶19] The documents submitted by SWMO demonstrate an inconsistency in the amounts Eagle paid to Mon-Dak and RK Electric. Mon-Dak's and RK Electric's invoices show Eagle owed them a combined amount of $239,842, an amount Eagle did not dispute. However, Eagle's application for payment and activity breakdown sheets submitted by SWMO indicate that Eagle paid the subcontractors for all of their earlier work, and that, of the $219,319 of work done to complete the building, only a portion was for HVAC, plumbing and electric. Mon-Dak and RK Electric claim the documents submitted by SWMO are not relevant and do not create a factual dispute because they do not show Mon-Dak's or RK Electric's invoices were inaccurate.

[¶20] The district court provided no analysis of the documents in its summary judgment orders. By not addressing the evidence submitted by SWMO, the district court in effect found Mon-Dak's and RK Electric's evidence was more persuasive. *See Martin*, 2018 ND 28, ¶ 10, 906 N.W.2d 65 (explaining a court may not weigh the evidence or make findings on disputed facts when deciding a summary judgment motion). In viewing the evidence in a light most favorable to SWMO at the time of the motions, SWMO raised a genuine issue of material fact, and Mon-Dak and RK Electric were not entitled to judgment as a matter of law. Although the court later found at trial that Eagle materially misrepresented the true amounts paid to its subcontractors, the court did not make findings on whether Eagle misrepresented the payments made to Mon-Dak and RK Electric.

6

[¶21] The district court erred in granting Mon-Dak and RK Electric summary judgment. We reverse and remand for further findings relating to the amounts Mon-Dak and RK Electric were entitled to recover from the funds SWMO deposited into court.

### III

[¶22] The parties' remaining arguments are without merit or not necessary to our decision. The orders are affirmed in part, reversed in part, and remanded for further proceedings.

[¶23] Daniel J. Crothers
Jon J. Jensen
Lisa Fair McEvers
Gail Hagerty, D.J.
Gerald W. VandeWalle, C.J.

[¶24] The Honorable Gail Hagerty, D.J., sitting in place of Tufte, J., disqualified.